JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. ROSE BATCHIS, *Defendant in Error*.

1. Such damages as the law holds to be the direct, natural and necessary result of the injury complained of may be recovered under a general—allegation of damage, for the reason that the defendant is resumed to know the damages that directly and necessarily result from the negligence, and consequently will not be taken by surprise when evidence of such damage is admitted.

2. Special damages are such as are not the necessary, but the direct, natural and proximate result of the negligence complained of, and the defendant is not presumed to know of them; therefore such special damages should be specifically alleged, unless they are fairly included in other damages alleged, or unless the law infers them from the facts stated.

3. In an action for damages for personal injuries where the declaration alleges special damages in specified amounts incurred in medical attention, board for the plaintiff and nurse, medicine and attendance, rent for plaintiff's place of business, servant hire at plaintiff's place of business and injuries sustained and pain and suffering endured, making a given total amount claimed as damages, and no general damages are alleged, amounts paid for rent as alleged may be proven and recovered, but damages for loss to plaintiff of earnings in her occupation cannot be recovered, as such loss is not fairly included in any damages stated and cannot be inferred from other allegations, therefore, evidence of such loss of earnings should not be admitted if properly objected to.

4. In an action for damages for personal injuries, the condition of plaintiff's health more than a year before the injury complained of is not in general material where there is evidence as to the condition of the plaintiff's health a short time before the injury.

5. A declaration which alleges that a passenger, on a street car that has stopped, who was near the door leaving the car, when the car without signal or notice started again and was by the carelessness and negligence of the motorman in operating stopped suddenly with a jerk, which threw the passenger against a seat injuring her, states a cause of action; and where the proofs tend to sustain the allegations, a charge that the plaintiff is entitled to recover if the jury finds such to be the facts, is not erroneous.

6. In an action for damages where there is evidence that the plaintiff was in her normal health at the time of the injury, it is not error to charge that if it be found from the evidence that the plaintiff on the day she was injured was in a normal condition of health and attending to her business, the jury should not consider any previous illness or disease under which she may have labored in the past, and from which she had recovered at the time of the injury, in determining the compensation to which she might be entitled if she is entitled to damages. The safer rule is not to confine the charge to the *plaintiff's* normal condition.

7. In an action for damages where there was testimony that the plaintiff suffered from nervousness sixty or ninety days

13—Vol. 54

before the injury complained of, that she had not then completely recovered from it, and that her nervous condition after the injury was not entirely the result of the injury, the court may if requested instruct the jury that the defendant is not liable for nervous troubles of the plaintiff existing at the time of the injury complained of and not caused by the defendant.

8.  Instructions should be confined to the issues made by the pleadings, even though evidence be admitted that is not within such issues.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*John E. Hartridge & Son,* for plaintiff in error;

*Alex St. Clair-Abrams,* for defendant in error.

WHITFIELD, J.—On January 11th, 1906, the defendant in error filed in the circuit court for Duval county a declaration alleging that on December 2nd, 1905, the Jacksonville Electric Company was operating a certain street car in Jacksonville, and on that day the plaintiff was a passenger on said car; that plaintiff gave notice to the conductor to stop the car, which the conductor did, and after said car had stopped, plaintiff arose from her seat and proceeded to the door to leave the car, and when plaintiff got near the door, the car, without signal or notice started again, and on the conductor again signaling to stop, the car was by the carelessness and negligence of the motorman in operating stopped suddenly with a jerk, and by reason of said jerk, the plaintiff was thrown over the back of one of the seats, inflicting upon her several internal injuries,

which caused her, and still causes her great pain and suffering, to the special damage of the plaintiff in the sum of $150.00 for medical attendance, $100.00 for board for herself and nurse, $25.00 for medicines and attendance, $50.00 for rent of her place of business, which she was compelled to keep closed during her confinement in her room for two weeks, $20.00 for wages to servant employed by her at her place of business, and in the further sum of $4,655.00 for injuries sustained by her and the pain and suffering she had endured; and plaintiff claims $5,000.00 damages. There was a plea of not guilty. The plaintiff recovered judgment for $1,000.00. A motion for new trial was overruled; the defendant excepted and took writ of error.

The declaration alleges several internal injuries to the plaintiff which caused her great pain and suffering to her special damage in (1) medical attendance; (2) board for plaintiff and nurse; (3) medicine and attendance; (4) rent for plaintiff's place of business; (5) servant hire at plaintiff's place of business; (6) injuries sustained and pain and suffering endured; making a total of $5,000.00 claimed as special damages. There is no allegation of general damages to the plaintiff as the result of defendant's negligence beyond the total amount of the damages above alleged; consequently the plaintiff is confined to the special damages alleged.

Damages should not be recovered, no matter how fully proven, unless there is an appropriate allegation of the damage sustained. Evidence outside of the issues made by the pleadings should be excluded upon proper steps duly taken for its exclusion. See Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, text 334.

Such damages as the law holds to be the direct, natural and necessary result of the injury complained of may be recovered under a general allegation of dam-

age, for the reason that the defendant is presumed to know the damages that directly and necessarily result from the negligence, and consequently will not be taken by surprise when evidence of such damage is admitted. Special damages are such as are not the necessary, but the direct, natural and proximate result of the injury complained of; and the defendant is not presumed to know of them; therefore such special damages should be specifically alleged, unless they are fairly included in other damages stated, or unless the law infers them from the facts alleged.    Evidence of injuries that are not the natural and proximate consequence or result of the negligence alleged should not be admitted.

Under the allegations of the declaration of special damages sustained by the plaintiff, testimony as to amounts paid by the plaintiff as rent for her place of business, which she was compelled to keep closed during her confinement in her room for two weeks as the proximate result of the injury complained of, was properly admitted.

Testimony as to the loss of plaintiff's earnings in her occupation because of the injury, was admitted over an objection by the defendant that "there is no allegation in the declaration in regard to loss of business."

If the loss to plaintiff of earnings in her occupation was a direct, natural and necessary result of the injury complained of, so as to be covered by an allegation of general damages, there is no general allegation of damages in excess of the special damages claimed, and such damages are not specifically alleged.    Loss of earnings cannot fairly be included in any damage stated and cannot be clearly inferred from any facts alleged in the declaration.    The allegations of damage because of injuries and pain and suffering clearly refer to injuries to the person, and not to pecuniary losses.    Loss of earnings is not fairly included in or plainly inferable

from the allegation of damages for rent paid for plaintiff's place of business which she was compelled to keep closed during her confinement in her room for two weeks. The objection to testimony as to losses by plaintiff of earnings in her occupation should have been sustained in view of the allegations of the declaration.

The condition of plaintiff's health more than a year before the injury complained of does not appear to have been material, and evidence as to it offered by the defendant was properly excluded, particularly where the plaintiff's witnesses had, on cross-examination, testified to the condition of her health a short time before the injury.

The declaration alleges that a passenger, on a street car that had stopped, was near the door leaving the car, when the car without signal or notice started again and was by the carelessness and negligence of the motorman in operating stopped suddenly with a jerk, which threw the passenger against a seat injuring her. This constitutes a cause of action, and, as the proofs tend to sustain these allegations, a charge that the plaintiff is entitled to recover if the jury find such to be the facts, is not erroneous.

There was evidence tending to show that the plaintiff was in normal health at the time of the injury, therefore it would not be error under the allegations of the declaration and proofs to charge that if it be found from the evidence that the plaintiff on the day she was injured was in a normal condition of health and attending to her business, the jury should not consider any previous illness or disease under which she may have labored in the past, and from which she had recovered at the time of the injury, in considering the compensation to which she might be entitled if she is entitled to damages; but the safe rule is not to confine the charge to the plaintiff's normal condition.

There was testimony that the plaintiff suffered from nervousness 60 or 90 days before the injury complained of, that she had not then completely recovered from it, and that her nervous condition after the injury was not entirely the result of the injury; but the court was not asked for an instruction that the defendant is not liable for nervous troubles of the plaintiff existing at the time of the injury complained of, and not caused by the defendant. See Stewart v. City of Ripon, 38 Wis. 584.

The court charged the jury that among the elements to be embraced in the measure of damages was plaintiff's "occupation and the losses she incurred in her earnings; and in considering any losses incurred in her earnings the jury have the right to consider plaintiff's occupation, the time of the year and its bearing on her business, her average earnings in her occupation, her loss by being compelled to abandon her business, and all the elements set forth in the evidence going to prove her loss." This charge was duly excepted to and it is assigned as error.

Instructions to juries should be confined to the issues made by the pleadings. See Walker v. Parry, 51 Fla. 344, 40 South. Rep. 69; Hinote v. Brigman & Crutchfield, 44 Fla. 589, 33 South. Rep. 303.

As there was no allegation of general damages in addition to the allegations of special damages, and as there is no allegation of special damages to the plaintiff for loss of earnings in her occupation, and as such special damages are not fairly included in any damages alleged and cannot be clearly inferred from any facts alleged in the declaration, the jury should not have been instructed that the measure of damages embraced plaintiff's occupation and the losses she incurred in her earnings, and that all the elements set forth in the evidence going to prove her loss might be considered in determining the damages.

The evidence did not warrant the giving of the charges requested by the defendant and refused by the court.

The judgment is reversed and a new trial awarded.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.