F. A. LEWTER, *Plaintiff in Error,* v. E. H. TOMLINSON, *Defendant in Error.*

1. An instruction, assuming as proved a material controverted fact, is erroneous.

2. The plaintiff is confined in his recovery to the cause of action alleged in his declaration, and the instructions of the court must be confined to the issues made by the pleadings.

This case was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Massey & Warlow,* for plaintiff in error;

*R. P. Marks* and *L. G. Starbuck,* for defendant in error.

PARKHILL, J.—The defendant in error sued the plaintiff in error in the circuit court for Orange county to recover commissions claimed to be due for finding a buyer for certain timber lands of defendant; and recovered a judgment for $3,300.00.

The amended declaration contained the common counts and a special count as follows: 4th count: And said plaintiff sues said defendant for that heretofore, on the 23rd day of April, A. D. 1902, the defendant did agree with the plaintiff in writing, that the defendant would divide his commission equally with the plaintiff, if the plaintiff would find the defendant a buyer for any timber land in Florida which the defendant had for sale; that the defendant did, on or about the 15th day of September, A. D. 1902, and for a long time prior thereto have for sale a certain tract of cypress timber land in township twenty-two and twenty-three, range thirty-two, Orange county, Florida, known as the Lockwood lands, consisting of two thousand, eight hundred and eighty acres of land more or less; that the plaintiff did find on or about the 15th day of September, A. D. 1902, and did on said date send to said defendant Messrs. Beckwith, Henderson & Warren; that said Beckwith, Henderson & Warren were able to and did offer to buy said lands from said defendant at the price and upon the terms named by the defendant, and the defendant did thereupon agree to accept said offer and to sell said lands to said Beckwith Henderson & Warren; but the defendant thereafter refused to carry out said agreement so made with said Beckwith, Henderson & Warren as aforesaid, though the said Beckwith, Henderson & Warren stood ready, able and willing so to do; that the defendant's commission had he carried out said agreement on

his part would have been the sum of $6,600.00; and the defendant thereupon became indebted to the plaintiff in the sum of $3,300.00. All of which sums have long since become due and payable etc."

The bill of particulars filed with the original declaration was as follows: "F. A. Lewter v. E. H. Tomlinson, Dr. Fifty per cent. of $4,595.00, commission of F. A. Lewter on sale of 3,281 acres of cypress lands. $2,297.50.

The defendant filed a plea of never was indebted to the common counts, and two special pleas, as follows: "(1) That Beckwith, Henderson & Warren did not offer to buy said lands from the defendant at the price and upon the terms named. (2) That Beckwith, Henderson & Warren refused to purchase the lands in the declaration alleged at the price and upon the terms fixed by this defendant, and made him a counter offer which this defendant did not accept."

At the conclusion of the testimony, the defendant requested the court to charge the jury as follows: "(2) The plaintiff, under the issues made, cannot recover one-half of any profits which the defendant would have made on the alleged sale to Beckwith, Henderson & Warren, if such sale was made, as such profits are not commissions due on sale of real estate. (3) There is no evidence in the cause from which you can ascertain what should have been the amount of commissions, if any, which the defendant would have received, and consequently there is no evidence from which you can ascertain the damages, if any, of the plaintiff."

The court refused to give these instructions; but, at request of the plaintiff gave the jury the following instruction: "(3) if you find from a preponderance of the evidence, under the instructions of the court, that the plaintiff Tomlinson is entitled to recover, he will be entitled to recover one-half of such sum as you find from a preponderance of the evidence the defend-

ant Lewter would have received as profits had he consummated the sale, after first deducting any sum which you find from the evidence was expended by the defendant Lewter in selling or inspecting the property."

The action of the court upon these instructions is assigned as error.

The court erred in giving charge number three at request of the plaintiff, because it assumed that the evidence proved that, if the plaintiff was entitled to recover, he was entitled to recover one-half of such a sum as the defendant would have received as profits had he consummated the sale, and withdrew from the jury the right to determine this fact.

The plaintiff relied upon the following written agreement, which he said the defendant gave him in April, 1902:

"Mr. E. H. Tomlinson,

Orlando, Fla.

Dear Sir:—If you find me a buyer for my timber land in Florida, I will divide the commission equally with you, less the expense of selling, that is, inspecting or surveying.

Yours truly,

F. A. LEWTER."

The plaintiff testified: "I acted under this agreement and submitted a proposition of 2,880 acres to Beckwith, Henderson & Warren, of Tampa. This 2,880 acres was given me under the agreement with Mr. Lewter and he named a price of eight dollars per acre; he said that it has cost five dollars per acre." The plaintiff said that the defendant told him "that the land was costing him $5.00 per acre and he authorized me to offer it at $8.00." The evidence for plaintiff tends to show that in September, 1902, he caused Beckwith, Henderson & Warren to buy this Lockwood land from the de-

fendant for the sum of $2,100.00; and that the defendant sold them the land, but afterwards refused to carry out the deal.

The defendant testified: "Under the terms of our (Lewter and Lockwood) bargain, if I sold the property for any price above the cash price I was paying the owners, that profit belonged to me and I would not have gotten a real estate's commission out of it. If I had sold, the profits in the matter would have been mine, not a dollar as commission from the owners. I would have made the profits." Again in September, the defendant sent to plaintiff a letter containing this sentence: "I paid $21,000.00, less five per cent commission for the land and hardly know how to settle with you for your services in securing Mr. B. if sale should be consummated. Write me immediately and I shall govern myself accordingly."

It is not clear from the evidence whether the defendant had contracted for the purchase of the Lockwood lands at the time of the written agreement with plaintiff in April. We are inclined to think with counsel that at that time the Lockwoods owned the lands, and the defendant held them for sale as agent. Afterwards, and before the deal with Beckwith, Henderson & Warren, the defendant contracted for the purchase of the lands, and the deeds therefor were executed in October, 1902. There was no evidence to show what the defendant's commission would have been for making the sale to Beckwith, Henderson & Warren, and in that way fix the sum to which the plaintiff would have been entitled. Counsel contend that, as the land cost the defendant five dollars per acre and were sold at eight dollars per acre, the plaintiff was entitled to one-half of the profits of this investment, and in this way justifies the charge of the court.

The defendant testified that the profits belonged to

him. The plaintiff does not say that it was in the con-
templation or agreement of the parties that his commis-
sion was to be one-half of defendant's profits. The
agreement does not specify how much the commission
was to be, only one-half of defendant's commissions.

It is the province of the jury to settle these questions
of fact. The plaintiff sued for commissions. The in-
structions of the court must be confined to the pleadings.
The charge as framed, not only permitted the jury to
base its verdict in favor of the plaintiff upon the liability
of defendant to plaintiff for an equal division of de-
fendant's profits, a cause of action substantially different
from that alleged by plaintiff, but it went so far as to
affirmatively instruct the jury that, if plaintiff was en-
titled to recover, he would be entitled to recover one-half
the sum the defendant would have received as profit
had he consummated the sale. Granting the liability of
defendant to plaintiff for commissions for finding a buyer
for the lands, it was at least a disputed question of fact,
whether the *commissions* to which the plaintiff was en-
titled was an equal division of defendant's profits. And
yet the court settled that question, instead of leaving it
to the jury to determine under appropriate instructions.
Even if it be contended that the parties agreed that the
plaintiff's commissions should be one-half the profits of
defendant; yet when that question is disputed, as it is
here, the jury and not the court should decide.

The judgment is reversed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD,
concur in the opinion.