R. L. COLLINS, *Plaintiff in Error,* v. MRS. B. H. GODWIN, *Defendant in Error.*

## Opinion Filed March 11, 1913.

1. The established doctrine that charges and instructions musc be confined to the issues made by the pleadings is applied to the effect that where prospective damages are not alleged or claimed in a declaration it is erroneous to charge the jury they may assess such damages in their verdict.

2. In actions by a parent for personal injuries to a child in order to recover for prospective earning of the child during his minority there must be an allegation in the declaration of special damages in regard thereto, and upon failure to make such claims the parent can only recover from the time of the injury up to the time of trial.

3. A charge can not be said to be harmless which authorized the jury to consider an element of damages, not warranted by the evidence, and which the verdict shows was considered by them.

Writ of error to the Circuit Court for Madison County.

Judgment reversed.

*Davis* & *Whitnell,* for Plaintiff in Error;

*R. H. Rowe,* for Defendant in Error.

HOCKER, J.—On the 20th day of April, 1912, the defendant in error filed the following declaration in the Circuit Court of Madison County against the plaintiff in error:

"Mrs. B. H. Godwin, a widow, and citizen and resident of Madison County, State of Florida, by her attorney, R. H. Rowe, sues R. L. Collins, a citizen and resident of Brooks County, State of Georgia, and says: That she is a widow and that G. B. Godwin is her son and minor child under the age of twenty-one years, and is now eighteen years of age, and that she is and was entitled to and received, and was partially dependent upon, the service of her son for support.

That heretofore, to wit: On February 26, 1912, in Madison County, Florida, the defendant, R. L. Collins, with a certain instrument and weapon, namely, an axe to and in which was placed and attached a handle, did unlawfully strike upon the head one G. B. Godwin aforesaid, thereby inflicting a wound upon the head of the said G. B. Godwin, causing him to become sick and unable to work for a long period of time, to wit: one month, during which time his services were worth to the plaintiff $1.50 per day; that she necessarily expended, in and about said sickness, for medical attendance and medicine for the said G. B. Godwin, a large sum, to wit: $250.00; that the said G. B. Godwin has been partially incapacitated and rendered less efficient for work, by reason of pains in the head, partial paralysis and weakness of one of his arms, and other derangement of his constitution caused by said wound, whereby the plaintiff has lost the benefit of a portion of his services that he could have performed

without such injury, to her damage in the sum of $930.00. Wherefore plaintiff sues defendant for her damage and injury, above stated in the sum of $1000.00."

To this declaration there was a plea of not guilty, and also a second plea "that the said G. B. Godwin first assaulted the defendant, who thereupon necessarily committed the alleged assault in his own defense." The case was tried on the 17th of October, 1912, and a verdict was rendered in favor of the plaintiff for $250.00 damages.

The Circuit Judge instructed the jury if they found for the plaintiff in ascertaining compensatory damages the plaintiff was entitled to the *"value of any services of which she may be deprived hereafter during the minority of her son."* This was substantially repeated in another part of the charge in which the jury were instructed if they found for the plaintiff they should assess the damages of the plaintiff at such sum as you may find from the evidence to be reasonable and necessary to compensate the plaintiff for her financial loss and damages for her loss of the labor of her son from the time of the injury *"until he arrived at twenty-one years of age."* The italicized portion of the charge were excepted to in the motion for a new trial, which was overruled, and are assigned here as errors. In view of the allegations of the declaration, we think these assignments are well taken. The doctrine that charges and instructions must be confined to the issues made by the pleadings is firmly established by a number of decisions. See Lewter v. Tomlinson, 54 Fla. 215, 44 South. Rep. 935. Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933; and cited cases. This doctrine is axiomatic.

The declaration alleges that G. B. Godwin was struck and injured by the defendant on the 12th of February, 1912. The case was tried within nine months after the

injury, and soon after G. B. Godwin became eighteen years of age. There is not a word in the declaration claiming future or prospective damages up to the time G. B. Godwin would become twenty-one years of age. It is said in 5 Ency. Pl. & Pr., 759: "In actions by parents for personal injuries to a child in order to recover for the prospective earnings of the child during his minority there must be an allegation of special damages in regard thereto. And upon failure to make such claims, the parent can only recover from the time of the injury up to the time of the trial." It is contended that under the general allegations of damages the plaintiff could recover prospective damages. But it is apparent that it does not necessarily follow because Godwin was struck on the head with an axe just before he was nineteen years old he would continue incapacitated for doing usual labor up to the time he was twenty-one. See the case of Jacksonville Electric Co. v. Batchis, *supra.* for the law as to pleading special damages.

Furthermore, a careful examination of the evidence does not reveal any testimony tending to show that G. B. Godwin would suffer from the lick inflicted upon him by the plaintiff in error up to the time of his becoming twenty-one years old, in such a way as to impair his earning capacity. He appears to have been simply a country laborer, doing such work as is commonly done in the country on a farm, and it is shown that two months before the trial he was doing such work. We think, therefore, there was no evidence justifying the charges which are excepted to. We do not think that the charges objected to were harmless because the verdict was based entirely upon the loss of earning capacity in G. B. Godwin. No other item of damage was shown. His earning capacity did not exceed $15.00 per month. The verdict, therefore,

necessarily included his earning capacity up to the time he would be twenty-one years old, which was not warranted by the declaration or the proofs. The charges complained of were, therefore, necessarily prejudicial to the defendant below.

The judgment is reversed and the case remanded.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.