79 So.2d 688 (1955)
Harry SELTZER and Arthur Seltzer, Appellants,
v.
Mary GRINE and Burnette E. Grine, Appellees.
Supreme Court of Florida. Special Division A.
April 20, 1955.
Dixon DeJarnette, Bradford & Williams and A. Lee Bradford, Miami, for appellants.
George L. Knight, Miami, and Henry W. Fuller, Kendall, for appellees.
MATHEWS, Chief Justice.
This is an appeal from a final judgment in a personal injury suit. There was a collision between two automobiles at a street intersection.
The simplicity of the two primary questions raised on this appeal make it unnecessary for us to discuss the details of this collision.
*689 One of the issues based upon the testimony was the sobriety of Mr. Grine at the time of the accident. There was considerable testimony on this question. The defendants in the case below, the appellants here, requested the court to give the following instruction:
"(1) It is unlawful and punishable as provided in subdivision (2) for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state."
The court refused to give the above quoted instruction.
Section 317.20, subdivision (1), F.S.A., is as follows:
"317.20 Driving while under the influence of intoxicating liquor or narcotic drugs

"(1) It is unlawful and punishable as provided in subdivision (2) for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state."
Whether or not a person is under the influence of intoxicating liquor to the extent that his or her normal faculties are impaired is a question of fact and should be determined by the jury when there is substantial evidence submitted on that question. There was in this case substantial evidence on the question and the same should have been submitted to the jury under proper instruction.
The claim for damages in this case was based upon personal injuries and physical and mental pain and suffering. There was no claim for damages based upon loss of earnings or earning capacity until near the conclusion of the case. After the plaintiffs' final argument to the jury, after defendants' closing argument and before the rebutting argument of the plaintiff and before the jury was instructed, the court allowed an amendment to the complaint, whereby for the first time there was a claim made for the loss of earnings and earning capacity as an element of damage.
Loss of earnings and earning capacity is a proper element of damage, but there must be a claim interposed for such damages. There could be no objection to an amendment to the complaint for this element of damage, provided the defendant was given an opportunity to contest this element of damage. After this amendment was allowed in this case, defendant was afforded no opportunity to contest the same or to comment on this claim before the jury. The motion addressed to the court was for amendment to the complaint by "including damages for inability to perform her customary work as an employee in an animal hospital", by adding the following words, "and has been unable to perform her customary employment as an assistant in an animal hospital". This motion was the first notice that the defendant had that there would be a claim for damages based upon inability to perform customary employment as an assistant in an animal hospital. The granting of this motion by the trial court and without affording to the defendant any opportunity to rebut the same or to comment thereon was reversible error.
This case should be, and the same is hereby reversed, with directions to the trial court to take the necessary proceedings for a new trial.
TERRELL and SEBRING, JJ., and KANNER, Associate Justice, concur.