CARROLL, CHAS., Judge
(dissenting).
I am unable to agree with the majority judgment of affirmance, and feel impelled to dissent. This case grew out of an automobile accident, and the sole contention on the appeal is that the verdict is excessive.[1]
The appellee Harry O. Filer, who was the plaintiff below, sued the City of Miami, and Willis Gunn, the driver of a city truck involved in a collision with his automobile, seeking damages for personal injuries received in the accident, which he alleged resulted from Gunn’s negligence. Following trial of the case before a jury, the plaintiff was awarded a verdict for $76,000. Motion for new trial was denied, and the defendants appealed from the judgment.
I am aware of the rule that an appellate court, in considering a verdict claimed to be excessive, should not invade the province of the jury to fix the damages, or of the trial court to review and approve the verdict, and “substitute its own judgment for that of the jury without it appearing that the jury was inflamed by prejudice, bias, or other improper influences” (De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; Elks Club of Tampa v. Adair, 95 Fla. 415, 116 So. 26), and that a verdict should not be reduced or new trial granted on the grounds of its excessiveness “unless it is manifestly so excessive as to shock the judicial conscience, or as to be indicative of prejudice, passion or corruption on the part of the jury,” or that the jury ignored or misconceived the evidence. 9 Fla.Jur., Damages, § 96; 23 Fla.Jur., New Trial, § 59. In the De La Vallina case (107 So. 339) it was said:
“In requiring the entry of a remit-titur to correct an excessive verdict or judgment, the general rule seems to be that the amount of the excess must clearly appear from the record, and then, if on the whole showing made by *248 the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 So. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 So. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 So. 571; Standard Growers’ Exch. v. Martin, 80 Fla. 864, 87 So. 54; 2 R.C.L. 278.”
While it is not necessary, for the purpose of this opinion, to discuss in detail the injuries and elements of damage, and the evidence as it related thereto, certain brief reference will be made to those items. In the accident, the plaintiff received some lacerations and bruises, and suffered a broken nose, but no other fractures. He also received a whiplash injury or cervical strain, and a lumbodorsal strain. He had symptoms incident thereto, including headaches, difficulty in sleeping and some trouble with the pupil of one eye. Upon the happening of the accident the plaintiff was hospitalized less than one day. His medication included aspirin, bufferin and milltown, but no narcotics were required to be administered.
At the time of the accident the plaintiff was an Air Force pilot who had previously been informed that he would shortly be separated from the service, as in fact he was thereafter. After the accident, and before being released, he flew three Air Force missions. By the time of the trial, which was more than a year after the accident, he was recovered from his injuries except for some neurological results of the sprains in the cervical and dorsal regions of the spine. Taken generally, the evidence showed that any residual injury should be dissipated within three years from the date of the accident. Evidence as to permanent injury was limited to the testimony of the plaintiff’s treating physician, Dr. Ponder, that the plaintiff could expect, permanently, to have some symptoms referable to his back sprain. As to future medical expense, Dr. Ponder testified that if the plaintiff had such symptoms some medicines could be given, and physiotherapy treatment should give some relief. For the purpose of this consideration it is unimportant that there was other medical evidence indicating the absence of permanent injury.
In addition, the verdict reflects the consideration of special damages, such as for loss of earnings and loss of earning capacity. The amended complaint did not declare for loss of earnings but contained allegations of loss of earning capacity. The evidence failed to support the allegations for the latter. Special damages such as loss of earnings or of earning capacity must be pleaded and proved. Rule 1.9(g), Florida Rules of Civil Procedure, 30 F.S.A. 9 Fla. Jur., Damages, § 126; Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 So. 933; Collins v. Godwin, 65 Fla. 283, 61 So. 632; Seltzer v. Grine, Fla.1955, 79 So.2d 688; Ephrem v. Phillips, Fla.App.1957, 99 So.2d 257.
To the extent that special damages are included in the recovery, by way of compensation for loss of earnings, the verdict was excessive because that element of special damage was not pleaded and proved. J. Ray Arnold Lumber Corporation of Olustee v. Richardson, 105 Fla. 204, 141 So. 133. The same applies to such amounts as may have been awarded for loss of earning capacity, as to which, though pleaded, proof was lacking. The most that can be said for those elements is that if there is proof for them, it establishes a basis for only a minimal amount.
Property damages of $100 and medical expenses of $1,369.05 were proved. When these are deducted from the total verdict of $76,000, that leaves a balance of $74,530.95, which must be allocated to the elements of special damages discussed above (as to which proofs were lacking or insufficient-)', to the permanent injury and its treatment, and to pain and suffering.
*249 Giving due effect to Dr. Ponder’s prophecy of continued symptoms' referable to the back sprain, when one considers the nature and extent of the injuries received by the plaintiff in this accident and the degree of the actual and the projected recovery, it seems plain from the record that the future or permanent injuries, if they materialize, would be relatively unsubstantial and not such as to require extensive or repeated treatment.
It follows that the amount of the $76,000 verdict which could be predicated on the evidence as to permanent injury and future medical should take up little of the $74,530.-95 which remained in the verdict after deducting the proved property damage and medical expenses. It is evident, then, that ■some figure such as fifty or sixty or even ■seventy thousand dollars of this verdict has no basis other than as an award for pain and suffering. The absence of fractures, except for a broken nose, and the fact that there was no extended hospitalization and that there was no need to administer narcotics, indicated that while the plaintiff did suffer pain and inconvenience from his lacerations, bruises and back and neck sprains, he was not incapacitated, and progressed to the recovery usual for such ailments. Therefore, it appears sufficiently from the record that the portion of the verdict which must be assigned to pain and suffering is excessive, bears no reasonable relationship to the amount of suffering of the plaintiff which resulted from this accident, and is such as to impose a harm and hardship on the defendants out of all degree and proportion to the injuries suffered by the plaintiff.
It is my opinion in this case that the trial court should have granted a new trial on damages outright, or ordered a substantial remittitur as a condition of the withholding of an order for a new trial, and, therefore, I respectfully dissent.

. The record discloses that the contention of excessiveness of the verdict was properly presented here, since it was made a ground of the motion for new trial, and the denial of that ground of the motion was assigned as error. See Red Top Cab & Baggage Co. v. Grady, Fla.App.1958, 99 So.2d 871, 873.