CARROLL, Judge.
This appeal is taken by the defendants from an adverse judgment in an automobile accident case. The appellee Patricia McKay, the plaintiff below, was a passenger in an automobile owned by the appellant Arthur Shapiro and driven by the appellant Elaine Mildred Gates. Following dinner at which the driver Gates had had two drinks, she drove north on Northwest 7th Avenue in Miami, with McKay as a passenger. While driving at approximately 45 miles an hour (in a 35 mile an hour zone), in the lane reserved for parking, the Gates car was driven squarely into the rear of an unoccupied parked automobile, which Gates did not see until within approximately 15 feet, too late to slow down or prevent collision. After the initial impact the plaintiff sought to leave the car but was prevented or dissuaded from doing so by the driver, who then backed up and again drove forward and caused a second collision' with the parked vehicle. As a result of the two collisions the plaintiff received the injuries for which she sought damages, alleging gross negligence of the driver. Defendants pleaded contributory negligence and assumption of risk. On trial of the case a jury returned a verdict in favor of the plaintiff for $9,000. Judgment was entered thereon and the defendants appealed.
The several contentions presented on behalf of the appellants have been considered and found to be without merit, and we affirm. The issues of gross negligence, contributory negligence and assumption of risk were properly submitted for jury determination. We find unconvincing the argument of appellants that the evidence was insufficient to sustain a jury finding of gross negligence on the part of the driver. The record presented no substantial basis for finding or holding that plaintiff was guilty of assumption of risk or contributory negligence. The error claimed to have resulted from permitting counsel for plaintiff to question the defendant driver regarding her ability to drive on prior occasions after having had several drinks was not prejudicial. It had bearing on whether, after having two or three drinks, the driver had displayed an inability to drive properly such as to require the passenger to take protective action. The defendant’s response was that on previous occasions after taking several drinks she had been able to properly control an automobile, and there was no evidence that on this occasion, aside from the happening of the accident, the drinks she had taken had noticeable effect on her ability to drive. There was, therefore, no showing upon which to find assumption of risk on the part of the passenger, though the fact that the driver had taken some drinks could be considered by a jury, along with other circumstances, in determining the issue as to her alleged gross negligence. *742 The appellants’ contention that the charge relating to gross negligence was erroneous is not borne out by the record.
No reversible error having been made to appear the judgment appealed from is affirmed