WALDEN, Chief Judge.
This is a suit for damages arising out of an automobile collision. Plaintiffs were riding as guest passengers in the automobile driven by the defendant. After introduction of all the evidence defendant moved for a directed verdict on the ground that there was no showing of gross negligence as required by the automobile guest statute. The motion was granted and judgment was entered for defendant. Plaintiffs appeal. We reverse.
As stated in Maloy, Fla. Appellate Prac. & Proc., § 10.16:
“The same rule applies to appeals from directed verdicts as applies to appeals from summary judgments or decrees. The evidence must be viewed in the light most favorable to the appellant. All reasonable inferences are resolved in favor of the party against whom a verdict has been directed. The test is whether there was any evidence upon which a jury could have found a verdict for the appellant.”
The evidence in the case at bar indicates that defendant, during the course of the evening in which the accident occurred, had “several” beers at at least one tavern and *610 a “couple” of beers at two other places. The car into which she collided had been stopped in the left traffic lane for from thirty seconds to one minute, had its tail lights and left directional working, and was plainly visible for at least one and one-half blocks. Additionally, there was testimony from which a jury could have concluded that appellant never did apply her brakes, but collided at full speed into the stopped car.
Both of the plaintiffs testified that they warned defendant of the car in front of them, Mr. Walker while one and one-half blocks away, and Mrs. Walker from one-half block away.
Testimony was also introduced to show that her driving speed was excessive under the traffic conditions, her windshield fogged, and that she was not wearing her glasses at the time of the collision.
The Supreme Court of Florida, in Carraway v. Revell, Fla.1959, 116 So.2d 16, at page 22, defined that degree of negligence which a guest passenger must prove in order to recover under Florida’s guest statute:
“We hold that a guest under the statute .* * * may recover for gross negligence which is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct * * *.
“In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions should be submitted to the jury.”
Viewed in the light most favorable to appellant, the evidence in the instant case could support a finding of that degree of negligence sufficient to give rise to liability under the automobile guest statute. Therefore, under authority of Carraway, supra, the question of whether such negligence was ordinary or gross should have been submitted to the jury. See also, Richardson v. Sams, Fla.App.1964, 166 So.2d 468; Foy v. Fleming, Fla.App.1964, 168 So.2d 177; and Bobstein v. Splinter, Fla.App.1964, 168 So.2d 560.
Reversed.
CROSS, J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.