PEARSON, Judge.
The appellant’s husband was killed in a collision between appellee Seaboard’s train and an automobile in which the deceased was a passenger. The appellant sued Seaboard and the engineer of the train. The jury found for the defendant, and the court entered final judgment. This appeal is from that judgment. We affirm.
Three points on appeal are presented. The first point, questioning the propriety of the court’s allowing, over objection, testimony concerning consumption of alcoholic beverages in the absence of any allegation or proof of impairment of driving ability. This point was raised by assignment of error number two:
“2. The Court erred in overruling Plaintiff’s Motion made prior to impanel-ling the jury to suppress all evidence and testimony concerning the consumption of alcoholic beverages by Plaintiff’s deceased husband and the other occupants of the vehicle in which he was a passenger, and in permitting testimony and evidence concerning the consumption of alcholic beverages by such individuals during the course of trial.”
Appellant moved to suppress because while discovery proceedings revealed that the teenage operator of the automobile in which plaintiff’s deceased was riding and some teenage passengers had consumed several cans of beer on the evening of the accident, they did not reveal that the operator’s ability to drive was impaired.
Appellant based her motion and now relies for reversal upon the following paragraph from Le Fevre v. Bear, Fla.App.1959, 113 So.2d 390, 392:
“The subject of the quantity and time of indulgence by defendant and Corn-mander Bear in drinking intoxicants was injected into the trial at considerable length over objection of the defendant. The complaint does not charge and the evidence does not show that defendant’s indulgence in intoxicants affected his conduct or proximately contributed to the accident. Such evidence could have no effect other than to open the minds of the jurors to improper speculative excursions outside the issues developed by the pleadings and proofs. It is inevitable that many immaterial facts are developed on the trial of any cause. Harmful error does not result unless such evidence is pursued to the point that it is calculated to unduly excite the passions and prejudices of the jurors. Trial courts should exercise the utmost caution to prevent that result.”
The district court of appeal reversed judgment for the plaintiff in Le Fevre, holding that the verdict was based upon improperly admitted testimony of a presumed expert as to the speed of the defendant’s vehicle. While we concur in the conclusion expressed in the quoted paragraph that trial courts should do their utmost to prevent the creation of jury prejudice, we do not understand the quoted paragraph to hold that in a civil action a trial judge must rule on the admissibility of evidence in advance of trial. In a civil action involving an automobile collision, a showing in discovery proceedings that driving capability was impaired is not a condition precedent to the admissibility at trial of evidence concerning consumption of alcoholic beverages. Rulings as to the admissibility of evidence in civil actions are traditionally made at trial since such rulings often depend upon the availability of other evidence. In many instances the consumption of alcoholic beverages by a driver is admissible into evidence as relevant to one or more issues developed during the trial. See Gates v. McKay, Fla.App.1966, 181 So.2d 740. Walker v. Moser, Fla.App.1967, 201 So.2d 609. See also cases collected in the annotation at 26 A.L.R.2d 359.
*478 Appellant has not specifically assigned as error rulings at trial on the admissibility of evidence concerning the consumption of alcoholic beverages. Nevertheless, we have examined the rulings of the trial court upon the admissibility of evidence as to the consumption of alcoholic beverages. We find that the appellant introduced such evidence on direct examination prior to cross-examination of appellee and prior to the introduction of any evidence by appellee. We conclude that error has not been shown.
Appellant’s second point is:
“THE COURT ERRED IN INSTRUCTING THE JURY ON ‘PROXIMATE CAUSE’ IN VIEW OF THE FACT PLAINTIFFS DECEASED HUSBAND WAS A PASSENGER IN THE AUTOMOBILE.”
Appellant argues that the court should have instructed the jury to consider first the conduct of the railroad crew and if they found it to be below that standard reasonably to be required of the crew under the circumstances, then they should determine if that substandard conduct was a contributing cause of the accident. If the jury found that substandard conduct of the railroad crew was a contributing cause of the accident, they should not concern themselves with the conduct of the driver of the motor vehicle but should return a verdict in favor of the plaintiff. This second issue can be resolved only by reading the entire instruction and determining whether the trial court so abused its discretion in giving instructions as to' have committed prejudicial error. Appellant’s contention is not supported by our view of the entire charge. We think that the appellant has failed to demonstrate reversible error on this point under the rule set forth in Williams v. Scott, Fla.App.1963, 153 So.2d 18, 21.
 Appellant’s last point urges that the trial court should have granted plaintiff-appellant’s post trial motions because the verdict of the jury was contrary to the manifest weight and probative force of the evidence. When reviewing a record to determine whether the trial judge’s denial of a motion for new trial on the ground that the verdict is against the manifest weight of the evidence was harmful error, an appellate court must affirm the judgment if there is evidence tending to substantiate the reasonableness of the verdict. Kowalczyk v. Brudder, Fla.App.1961, 134 So.2d 532. The record contains evidence tending to substantiate the reasonableness of the verdict. We therefore affirm.
Affirmed.