WALDEN, Judge.
This was a negligence suit where the trial court refused, upon request, to charge the jury as concerns F.S.1967, section 186.-0177, F.S.A., which is entitled “Driving while under the influence of liquor or drug.” The record reveals substantial competent evidence of a large consumption of alcoholic beverages by the operator of the motorcycle, the plaintiff, Groover, just prior to the collision in question. When the inferences arising from such consumption are coupled with the evidence of his conduct just before, during and after the collision, a jury question was presented and it was error for the trial court to refuse to charge on the mentioned statute. We reverse on authority of Selzer v. Grine, Fla.1955, 79 So.2d 688, wherein it was stated,
“Whether or not a person is under the influence of intoxicating liquor to the extent that his or her normal faculties are *475 impaired is a question of fact and should be determined by the jury when there is substantial evidence submitted on that question.”
We have read LeFevre v. Bear, Fla.App. 1959, 113 So.2d 390, which was relied upon by the trial court. According to our understanding, it may be distinguished on the premise that there jury instructions were not involved and that court deemed the testimony as to intoxicants to be irrelevant and immaterial to the issues. See Meehan v. Seaboard Air Line Railroad Company, Fla.App.1968, 210 So.2d 476. Regardless, we are persuaded that the views expressed in Selzer v. Grine, supra, represent a preferable and correct exposition of the law of this state. ■
The judgment is reversed and the cause remanded for a new trial consistent with the views here expressed.
Reversed and remanded.
REED and OWEN, JJ., concur.