108 So.2d 67 (1959)
Edward C. NOLL and Regina C. Noll, his wife, Appellants,
v.
Martha C. BYORICK and Frank J. Byorick, her husband, Appellees.
No. 58-10.
District Court of Appeal of Florida. Third District.
January 6, 1959.
Petition for Rehearing Stricken February 2, 1959.
*68 Brown, Dean, Adams & Fischer, Miami, for appellants.
Kelner & Lewis and Fred Patrox, Miami, for appellees.
HORTON, Judge.
This was a suit for damages brought by a husband and wife for personal injuries allegedy sustained by the wife, a pedestrian, while crossing a street in the City of Miami, Florida. After a trial of the cause, the jury returned the following verdict favorable to the appellees:
"We, the Jury, find for the Plaintiffs, Martha C. Byorick and Frank J. Byorick, her husband, and against the Defendants, Edward C. Noll and Regina C. Noll, and we assess the damages recoverable by the Plaintiff wife at and in the sum of $15,000.00 and damages recoverable by the Plaintiff husband at and in the sum of None, so say we all."
Subsequent to the entry of the verdict, the appellants made certain post-trial motions and the appellee-husband, also by a post-trial motion, moved for a new trial. The trial judge denied the appellants' post-trial motions, but granted the appellee-husband a new trial on the question of damages alone. Judgment on the verdict was subsequently entered in favor of the appellee-wife. The trial judge, in granting the appellee-husband's motion for new trial, concluded that the verdicts were inconsistent in light of the uncontroverted evidence that the husband had incurred substantial expenses in the hospitalization of his wife, and had suffered the loss of her companionship, society and services. The appellants have appealed from the final judgment and the order granting the appellee-husband a new trial.
The appellants urge as their main contention the alleged error of the trial judge in failing to grant their motion for directed verdict. Their argument in support of this position is that the appellee-wife's own testimony demonstrates as a matter of law an utter disregard for her own safety, or contributory negligence. Without delineating the testimony, but considering such testimony, as we must, in the light most favorable to the appellee-wife, we conclude, as did the trial judge, that her actions and conduct did not so clearly demonstrate her own negligence as to warrant the direction of a verdict. We do not intend to infer that there was not some evidence of the appellee-wife's negligence but the testimony as a whole was such, when considered in the light most favorable to her, that reasonable men could draw different conclusions from her actions. It is apparent to us, as it obviously was to the trial judge, that the appellee-wife's conduct, being subject to different interpretations, should have been submitted to a jury to determine if such conduct was the proximate cause of her injuries. See Nelson v. Ziegler, Fla. 1956, 89 So.2d 780.
The appellants have raised the additional question of the action of the trial judge in granting a new trial to the appellee-husband on the question of damages alone. The appellants contend that if a new trial was to have been awarded, it should have been as to both appellees *69 and on the question of liability as well as damages. The main premise for this argument is that the issue of liability was so questionable that any future jury deliberation of the case should include a submission of the element of liability as well as that of damages. We do not agree with this contention. It was obvious from the verdict that the jury unequivocally found against the appellants and in favor of both the appellees on the question of liability. In a case such as this, where there was no issue for the jury to determine as to the conduct of the husband, insofar as his right of recovery is concerned, a finding of liability to the wife would necessarily require a finding of liability to the husband. The case of Bowser v. Harder, Fla.App. 1957, 98 So.2d 752, relied upon by the appellants, does not appear to be in point with the case at bar. In the Bowser case, the jury was faced with a determination of the husband's negligent conduct concurrent with a determination of his damages. Obviously that was not the situation in the case at bar.
The record here supports the fact that the husband has suffered some damages, if only the medical bills were to be considered, and therefore, we find no error in the trial court's finding that the verdict returned by the jury was inconsistent.
As to the award of a new trial upon the question of damages alone to the appellee-husband, a serious problem may arise in a retrial. The procedure employed by the trial judge in the case at bar seems to have been approved in Loftin v. Anderson, Fla. 1953, 66 So.2d 470, although by a divided court. However, a studied consideration of that case and the facts in the instant case leads us to the conclusion that the procedure approved in the Loftin case would be inapplicable in the case at bar. This is so because we are unable, as we are sure any subsequent jury would be, to determine what elements of damage were accepted by the former jury and what elements were rejected. It is obvious from this record that the former jury had before it all of the elements of damage to the appellee-wife as well as the damages represented by expenditures, etc., accruing to the appellee-husband. However, there is no way to tell, exept through speculation and conjecture, upon what premise the wife's award was based, and why the jury determined that no award should be made to the husband. We are of the opinion that the amount of damages to be awarded to the husband and wife in this case is so closely aligned that an injustice would result if the husband were to present his claim alone to a subsequent jury after having had the same claim rejected by a former jury.
Accordingly, the order granting a new trial to the appellee-husband is affirmed. The judgment in favor of the appellee-wife is reversed and the cause remanded for a new trial on the question of damages only as to both husband and wife.
Affirmed in part, reversed in part and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.