126 So.2d 170 (1961)
Ione G. THIENEMAN and F. Ruley Thieneman, Appellants,
v.
Iverson CAMERON, Jr., Appellee.
No. 59-564.
District Court of Appeal of Florida. Third District.
January 26, 1961.
*171 Edward L. Walton, Miami, for appellants.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.
PEARSON, Judge.
This is an action ex delicto arising out of a traffic accident. The plaintiff-wife sued for personal injuries primarily involving her neck and back. Her husband joined in the action by making a claim for loss of consortium and out-of-pocket expense. The jury awarded $400 to the wife but did not award anything to the husband. The plaintiffs have appealed and have assigned as error: 1) the trial judge's refusal to give a charge to the jury upon prospective damages; 2) the trial judge's refusal to grant a new trial for alleged inadequacy of the verdict; 3) the trial judge's refusal to grant a new trial on the ground that the jury having found liability by an award of damages to the plaintiff-wife must award damages indisputably proved by the plaintiff-husband.
An examination of the record in the light of appellants' brief demonstrates that there was no evidence of permanent injury to the plaintiff-wife. Therefore the court properly refused to instruct upon the issue of future damages. See Collins v. Godwin, 65 Fla. 283, 61 So. 632.
By appellants' second point they urge that the verdict is so grossly insufficient that the trial court was required to grant a new trial upon their motion. The amount of the verdict for the wife is decidedly less than the wife's estimate of her damages, but upon a review of all of the evidence presented, it appears that the jury's award to the wife is within the limits of the evidence. Cf. Higbee v. Dorigo, Fla. 1953, 66 So.2d 684.
The appellants' third point is directed to the refusal to grant a new trial to the plaintiff-husband because of the failure of the jury to award any damages upon the husband's claim. We hold that the trial judge was in error. The record here supports the fact that the husband has suffered some damages, even if only the *172 medical bills are considered. There is also substantial, uncontradicted evidence of loss of services. In Loftin v. Anderson, Fla. 1953, 66 So.2d 470, where a wife brought an action to recover for personal injuries sustained, and her husband joined in the action, claiming damages for hospital, medical and doctor's bills, loss of services, consortium and future medical care, the trial court entered a judgment in favor of the wife on a jury verdict, but entered a judgment for the defendant against the husband. The court reversed the judgment against the husband and directed that a new trial be conducted on the question of damages only.[1] We have previously held that a verdict upon a wife's claim necessarily requires a finding of liability to the husband where the evidence is clear that the husband has suffered damages. Noll v. Byorick, Fla.App. 1959, 108 So.2d 67. Accordingly, the cause is remanded for a new trial on the issue of the plaintiff-husband's damages. We conclude that there is no necessity for retrial of the issue of liability. We also determine that it is unnecessary to retry the issue of the wife's damages, inasmuch as it is clear that the amount of damages awarded to the wife did not include the expenses claimed by the husband. In the Noll case, supra, we held that it was necessary to retry the issue of the wife's damages along with the issue of the husband's damages because it was impossible to determine whether certain expenses were included in the wife's award. Cf. Loftin v. Anderson, supra. As stated above, it is clear in the instant case that the husband's damages were not included in the jury's determination of the wife's award, and therefore we do not find it necessary for the court to retry her damages.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] See also cases cited at the annotation in 36 A.L.R.2d 1333.