CARROLL, Judge.
The plaintiffs appeal from a judgment entered in a damage action arising out of an automobile accident. Mrs. Pagano was injured when her automobile was struck in the rear by one owned by the corporate defendant, Morrison’s Textiles, Inc., and driven by the individual defendant, Albert F. Hodges. In her complaint, Mrs. Pagano sought compensation for personal injuries, medical expenses, and damage to her automobile. Her husband joined in the action. He sought damages for loss of consortium and for medical expenses allegedly incurred by him in connection with the treatment of his wife. Summary judgment was entered against the defendants on liability. The issues relating to damages were tried before a jury which awarded $2,000 to the plaintiff wife but nothing to the husband.
Plaintiffs’ contention on appeal is that the court erred in refusing to grant a new trial on damages. We agree with the learned trial judge that a new trial was not indicated on this record, and the judgment will be affirmed.
The cases of Noll v. Byorick, Fla.App.1959, 108 So.2d 67, and Thieneman v. Cameron, Fla.App.1961, 126 So.2d 170, cited to us by the appellants, are distinguishable from the instant case. In the cited cases, retrial was granted when the jury returned a verdict in favor of a wife and made no award to the husband where the evidence showed the husband to be entitled' to receive some amount for medical expenses. In the instant case, the wife sought to recover for the medical expenses. The husband was not present at the trial. In his *898 deposition, which was read into evidence, he did not claim to have paid or incurred any of the medical expenses. On the contrary, when asked whether the medical bills had been paid, the husband said “Well, that matter I left her take care of,” and he said that she had always paid her own bills.[1] Also, the jury was entitled to conclude that the husband’s allegation of loss of consortium was not sustained.
Under the circumstances of this case, the verdicts were not shown to be inconsistent. When motion for new trial was presented to the experienced trial judge, he found no reason to disturb the verdicts.
Affirmed.

. Medical expenses or bills of approximately $1,500 were introduced in evidence, and there was testimony that the charges which they represented were not unreasonable. While there was no question as to the authenticity of the bills, there was a question as to whether they related to the present injuries, and only $75 thereof was definitely established in the evidence as being so incurred. Counsel for appellants frankly stated that from the evidence in the case the jury could have awarded the wife, for her injuries, anywhere from $500 to $50,000.