WALDEN, Chief Judge.
The minor plaintiff, James Scott Sunder-meier, was injured when a car owned by defendants and driven by defendant, Theodore Edward Frauman, negligently struck a motor scooter driven by a third party. The third party was then thrown against the minor plaintiff causing him to suffer a broken nose and other injuries.
A verdict was directed in favor of plaintiffs on the issue of liability, and the issue of damages was submitted to the jury. The minor plaintiff was awarded $1,500.00 and his father received $1,800.00. Application for a new trial was denied.
Plaintiffs appeal the award made to the minor plaintiff. The critical point urged is that the trial court erred in refusing to allow introduction of mortality tables into evidence. We affirm.
Initially we are hesitant to say that under the facts of this case the refusal to admit the mortality tables into evidence was erroneous.
Dr. Charles Bonura, the plastic surgeon who rebuilt the minor plaintiff’s nose, was asked:
“Q Doctor, do you have an opinion, based upon a reasonable medical certainty, as to whether or not Scotty, the plaintiff in this case, James Scott Sunder-meier, has received any permanent disability as a result of this accident which occurred on March 1, 1965 ?
“A I think it is going to have to stand the test of time. I think he probably still has a little bit of nasal breathing difficulty, especially with a cold.
“How much a part allergy plays in this, I am still not convinced.
“But by and large, I would say that regarding his nose, it would not be a great amount. At the most, five percent.”
He then explained and further equivocated his estimate.
“Q Now, you indicated that he still had some difficulty breathing, especially with a cold. That is not unlike any other person, is it?
“A No, that is true.
“Q Everybody has difficulty breathing when they have a cold.
“With regard to his activities, his ability to be able to engage in the sporting activities, this isn’t going to prevent him from leading a normal life of a child, is it?
“A I don’t think the anatomical problems will play any part. If his normal life is interfered with it would be more on an allergic basis than an anatomical basis.
« * * *
*782 “Q * *
“So that when you give a — when there is at best a five percent disability, this is — and correct me if I am wrong — is this based upon the fact that there has been some disturbance up there ?
“A Yes.
“Q And it isn’t anything that is going to actually interfere with him in his ordinary life?
“A I would say that, yes. If — what I mean to say is that if he is going to have problems in the future, they would be more of an allergic problem, rather than because of some disturbance of the anatomy that is causing the problem. And as an allergy, it would probably be unrelated to what we have done.
“Q The allergy would be unrelated?
“A Yes.”
The only other medical testimony which could possibly be viewed as support for a finding of permanent injury was that of the boy’s dentist who indicated that he received a fractured tooth which could not be saved.
In addition to this medical testimony, the boy’s mother testified that in her opinion “[h]is nose was a small, narrow, thin nose. It is now wide, the tip of it. They had to put a new center in, which to me just isn’t the right nose.”
There is a temptation to say that this testimony, equivocal and borderline, is insufficient to support a finding of permanent injury. This was the conclusion of the trial court when called upon to rule on the basis of such a cloudy and ill-defined predicate. However, we do not find it necessary to decide this issue, since the error, if in fact there was error, was harmless.
Section 59.041, F.S.1967, F.S.A. provides:
“No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.”
We have read all the testimony and conclude in light of the record that no such miscarriage of justice has occurred here.[1] Apparently the trial judge independently reached this same conclusion, since in the exercise of his broad discretion to rule on motions for a new trial,[2] he saw fit to deny plaintiff’s post-trial motion.
The mortality tables, had they been admitted, would not have been binding on the jury, as they are advisory only.[3] Other jurisdictions have recognized that mortality tables, though they may be helpful in cases of demonstrated permanent injury, are not indispensable.[4]
In any event, though the mortality tables were excluded the jury was properly instructed that it might consider in rendering a verdict the duration of the minor plaintiff’s injury and any future pain and suffering he might reasonably be expected to suffer.[5] With the guidance of that in *783 struction, the jury rendered a reasonable verdict. No purpose would be served by reversing this decision, at substantial expense to each party, simply in order to reach a similar result. Finding the error, if any, to have been non-prejudical, we affirm.
Affirmed.
MELVIN, WOODROW M., Associate Judge, concurs.
CROSS, J., concurs in conclusion.

. See generally, Wigmore on Evidence, § 21.

. Cloud v. Fallís, Fla.1959, 110 So.2d 669.

. City of Tampa v. Johnson, Fla.App.1959, 114 So.2d 807; Florida Standard Jury Instruction 6.9; 13 Fla.Jur., Evidence, § 371.

. See, e. g., Francis v. Sauve, 1963, 222 Cal.App.2d 102, 34 Cal.Rptr. 754; Newman v. Blom, 1958, 249 Iowa 836, 89 N.W.2d 349.

. The full instruction was:
“You may consider the nature, extent and duration of the injury. Next you may consider the aggravation, if any, *783 of any preexisting ailment or condition. Next, you may consider the disability of the son and disfigurement, if any, resulting from the injury. Next you may consider any pain and suffering experienced and reasonably certain to be experienced in the future, if such be the case, as the result of the injury.”