288 So.2d 304 (1974)
Mildred M. McNASH, Appellant,
v.
Edward Hugh OXENHANDLER and Allstate Insurance Company, Appellees.
Walter Dean McNASH, Appellant,
v.
Edward Hugh OXENHANDLER and Allstate Insurance Company, Appellees.
Roger McNASH, a Minor by and through His Father and Next Friend Walter Dean McNash, Appellant,
v.
Edward Hugh OXENHANDLER and Allstate Insurance Company, Appellees.
Nos. 72-824 to 72-826.
District Court of Appeal of Florida, Fourth District.
January 18, 1974.
Rehearing Denied February 8, 1974.
Hugh S. Glickstein and Judson A. Samuels, Hollywood, for appellants.
John E. Donahoe of Burdick & Donahoe, Ft. Lauderdale, for appellees.
OWEN, Chief Judge.
The principal question involved here is whether the successful plaintiffs in an automobile negligence suit should have been granted a new trial on the grounds of gross inadequacy of damages.
Fifty-five year old Mildred McNash and her sixteen year old son, Roger, sustained *305 personal injury when the automobile operated by Mrs. McNash and stopped in traffic was struck in the rear by an automobile operated by appellee-Oxenhandler. Roger's injuries were slight and need not be detailed. The real issue is concerned with the nature and extent of the injuries sustained by Mrs. McNash.
Apparently, it is without serious dispute that Mrs. McNash sustained a sprain of the cervical spine as a result of which she incurred necessary and reasonable medical expenses of $400.00, and sustained a loss of earnings of approximately $800.00. In addition to the cervical sprain, she had complaints of tenderness or pain of the left temporal mandibular joint and a ringing in the right ear. A dentist, practicing general dentistry, and two oral surgeons all concurred (without any opinion evidence to the contrary) that the pain in the left temporal mandibular joint was primarily caused by an arthritic condition due to a malocclusion which predated the accident, but that the trauma of the accident probably caused the arthritic condition to become symptomatic. At the time of trial, Mrs. McNash had already embarked upon the necessary program of rebuilding her mouth to relieve this condition, the total expense of which was approximately $2,200.00. Medical opinion was divided as to whether the subjective complaint of tinnitus was valid and/or caused by the collision. Mrs. McNash and members of her family testified, of course, as to her physical pain and suffering as well as the various changes which had occurred in her day-to-day living following (and ostensibly due to) the accident.
Mr. McNash was not involved in the accident. He was a party plaintiff, however, to recover his derivative claim arising out of his wife's injuries including the medical expenses. He also claimed damage to the automobile, the amount of which the parties had stipulated to be $100.00. The verdicts awarded $2,500.00 to Mildred McNash, $100.00 to Roger, and $125.00 to Mr. McNash. A motion for new trial on the grounds of gross inadequacy of verdict was denied and judgment was entered on these verdicts.
Since the jury was instructed that the reasonable and necessary medical expenses incurred for care and treatment of Mrs. McNash and Roger, as well as the property damage, were a part of the claim of Mr. McNash, it is manifest that the verdict in his favor is grossly inadequate, and that the jury either misconceived the law or did not consider all elements of damage. Whatever the basis for arriving at this verdict, it is clear that a jury of reasonable men following the law as instructed by the court and considering all elements of damages to which Mr. McNash was entitled could not have returned a verdict in his favor for only $125.00. It follows that he should have been granted a new trial. Grossman v. Short, Fla.App. 1970, 235 So.2d 11 (cert. disch. Fla. 1971, 245 So.2d 217); Griffis v. Hill, Fla. 1969, 230 So.2d 143; Anastasio v. Summersett, Fla.App. 1969, 217 So.2d 854.
The question of whether the verdict for Mildred McNash was grossly inadequate is more difficult. The jury could have decided that her complaints of continued pain and discomfort allegedly due to the cervical sprain were exaggerated, or that the complaint of tinnitus was not true, or that the arthritic pain in the left temporal mandibular joint was due solely to the malocclusion (a condition which preexisted the accident) and that her pain and discomfort caused by such should not be chargeable to the accident. Thus, this verdict standing alone is not one which we could say the jurors as reasonable men could not have found on the evidence and the law.
A very practical consideration, however, constrains us to the view that justice would best be served by granting Mildred McNash a new trial also. In order for her husband to put on his case for derivative *306 damages, it is obvious that the entire case concerning the wife's injuries and their effect upon her will have to be shown in order for the husband to prove what part of her medical and dental expenses have been necessarily and reasonably incurred as a result of the accident, and in order to show the effect which the injuries to the wife have had upon the husband's right to the wife's services and consortium. Thus, the whole case is actually back before the jury. Furthermore, since it is clear that the jury excluded from the husband's verdict certain medical expenses for which the defendant was undeniably liable, it is quite likely that such medical expenses were improperly included in the wife's verdict, and in fairness to appellee he should have the opportunity to a new trial on the wife's claim. We conclude that the interest of justice would best be served by also awarding a new trial to Mildred McNash. Grossman v. Short, supra, and Noll v. Byorick, Fla.App. 1959, 108 So.2d 67.
The remaining points have been considered and we find them either to be without merit or to present error which was clearly harmless and not likely to arise on a retrial. We do not see in this case any serious issue concerning the issue of appellee's legal liability to the appellants, nor any indication that the verdict was the result of a compromise on the issues of liability and damages as was the case in Rodriguez v. Allgreen Corp., Fla.App. 1971, 242 So.2d 741, and hence there is no need for a new trial on the issue of liability.
The judgment is affirmed as to the appellant-Roger McNash. As to appellants-Mildred McNash and Walter McNash, the judgment is reversed and this cause remanded with instructions to grant such appellants a new trial on the issue of damages only.
WALDEN and MAGER, JJ., concur.