PER CURIAM.
The appellant alleged in the trial court that it was the owner of real property upon which the appellee claimed a leasehold interest. The complaint further alleged disputes between the parties, appellant’s attempt to cancel the lease and ap-pellee’s continued possession of the premises. The complaint sought recovery of possession and damages. The appellee filed an answer including an affirmative defense. The affirmative defense asserted that the same cause had been dismissed with prejudice in the United States District Court for the Southern District of Florida. Summary final judgment was entered for the defendant and this appeal followed.
After the appeal to this court had been filed, the United States Court of Appeals for the Fifth Circuit reversed the judgment of the United States District Court. Massachusetts Mutual Life Insurance Company v. Ambassador Concessions, Inc., 489 F.2d 282 (Sth Cir. 1973).
The issue before the State trial court was whether the judgment of the United States District Court (now reversed) was res judicata. The trial court correctly determined that a final judgment upon the identical cause of action would be a bar to a subsequent action in a State court. See Butler v. Richard Bertram & Company, Fla.App. 1973, 281 So.2d 227. Hindsight now recommends what could have been a more efficient disposition by holding the action in the State court in abeyance pending the outcome of the appeal in the federal system. See Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927).
Upon the present state of this record as supplemented as above noted, we must reverse the summary final judgment and remand the cause for such further proceedings as the trial court may find proper.
Reversed and remanded.