311 So.2d 695 (1975)
Gale KINNE, Appellant,
v.
Joseph K. BURGIN et al., Appellees.
Joseph K. BURGIN et al., Appellants,
v.
Samuel L. KINNE, Jr., and Gale Kinne, His Wife, Appellees.
Nos. 74-802, 74-803.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 13, 1975.
Spence, Payne & Massington, Podhurst, Orseck & Parks, Miami, for Kinne.
Stephens, Magill, Thornton & Sevier, and Ronald C. Willis, Jr., Miami, for Burgin, Aetna, and McCollister.
Before PEARSON and HENDRY, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
The facts of this case are identical to those set forth in this court's decision rendered in case numbers 74-599 and 74-611, styled Burgin et al. v. Merritt et al., Fla. App., 311 So.2d 688.
*696 For the sake of brevity, we do not deem it necessary to repeat those salient facts in this opinion.
Suffice it to say that in this action, Samuel Kinne and his wife Gale, as plaintiffs, sued Burgin, McCollister, and their insurance company alleging negligent operation of a pick-up truck causing serious personal injuries to Samuel Kinne.
Gale Kinne's cause of action was based on her derivative claim for damages due to the loss of consortium of her husband.
The appellants have raised four points in their brief for our consideration. Appellees have raised a single point on cross-appeal concerning the damages awarded (zero dollars) by the jury to Gale Kinne. (The jury returned a verdict in favor of Samuel Kinne in the amount of $65,000 upon which the trial court entered final judgment.)
While we have not consolidated this case for appellate consideration with case numbers 74-599 and 74-611, the views expressed in our determination of those cases are relevant to this case.
Our decision therein necessarily answers points one, three and four raised by the appellants herein.
Since we determined that the court was correct in setting aside a jury conclusion that Kinne was 50% negligent in causing the accident, it is obvious that the earlier judgment has no res judicata effect upon this case, and therefore the court was correct in disallowing an amendment to the appellants' answer which would have reflected the earlier adjudication, now set aside. Compare, Massachusetts Mutual Life Insurance Company v. Ambassador Concessions, Inc., Fla.App. 1974, 293 So.2d 75.
A reading of our holding in appeals numbered 74-599 and 74-611 likewise answers the appellants' contention that the court erred in directing a verdict in favor of the appellees on the issue of Samuel Kinne's contributory (comparative) negligence, and in denying the appellants' motions for directed verdict and post-trial motion for a new trial.
The only point raised by the appellant in this case which requires further comment here concerns the testimony of the appellees' expert witness, W. Blake King, a mechanical engineer.
In our other opinion, we stated that no error was shown concerning the admissibility of King's expert testimony. We did indicate, however, that it was error to permit King to testify concerning an experiment he conducted in order to prepare himself to testify.
While we reaffirm that holding here, we do not think that the error which permitted King to testify about the experiment was reversible.
Our examination of the record before us reveals competent evidence, which was properly admitted, from which the jury could conclude that McCollister, the driver of the truck, was negligent in not recognizing that the wheel on his truck was loosening.
Directing our attention next to the point raised by the cross-appellant, Gale Kinne, she argues that the jury verdict awarding her zero damages was grossly inadequate, unreasonable and inconsistent with the verdict awarded to her husband, Samuel Kinne, and therefore a new trial on her damages alone is required. We find merit in this contention.
The record sub judice clearly establishes that Samuel Kinne sustained serious personal injuries. He suffered several fractured ribs and a permanent partial disability to his foot. We also think that implicit in the verdict awarded to the husband ($65,000) is a jury conclusion that Samuel Kinne will suffer damages in the future.
In addition, there is competent and uncontradicted testimony concerning the impact which this accident has had upon the *697 Kinnes' marital relationship and more specifically concerning Mrs. Kinne's loss of consortium.
We hold that in light of the record before us, the jury's award of zero damages to Mrs. Kinne was improper and susceptible to an objective conclusion that the jury did not consider Mrs. Kinne's damages as instructed by the trial court. See, Griffis v. Hill, Fla. 1969, 230 So.2d 143; Fejer v. Whitehall Laboratories, Inc., Fla. App. 1966, 182 So.2d 438; Thieneman v. Cameron, Fla.App. 1961, 126 So.2d 170; Noll v. Byorick, Fla.App. 1959, 108 So.2d 67.
Therefore, for the reasons stated, the judgment appealed in case number 74-803 by Burgin, McCollister and the Aetna Casualty & Surety Company, concerning the issue of liability, is affirmed.
That portion of the judgment concerning Gale Kinne's damages, appealed in case number 74-802, is reversed, and the cause is remanded to the trial court for a new trial only on the proper measure of damages sustained by the wife, Mrs. Kinne.
Affirmed in part; reversed in part and remanded.