314 So.2d 6 (1975)
Raymond R. COPPOLA and Francis E. Coppola, Appellants,
v.
Jerry G. BALLARD et al., Appellees.
No. 74-1466.
District Court of Appeal of Florida, Fourth District.
May 30, 1975.
Rehearing Denied June 26, 1975.
*7 Palmer W. Collins, Collins & Clark, Melbourne, for appellants.
H.A. Ridgon, Jr., Hoffman, Hendry, Parker & Smith, Orlando, for appellees.
OWEN, Chief Judge.
Mrs. Coppola was injured in an automobile collision. At trial she introduced evidence of loss of earnings of $5,226 and medical bills of $10,715. The jury, although instructed that Mr. Coppola's damages on his derivative claim for his wife's injuries included the reasonable costs of her necessary medical care and treatment and his loss of her services and society, nonetheless returned a verdict for Mrs. Coppola in the sum of $18,000 and a verdict for Mr. Coppola in the sum of "no dollars". The court granted a new trial for Mr. Coppola on all issues but denied a new trial for Mrs. Coppola. She appeals the denial of her motion for new trial and the defendant cross-appeals the granting of a new trial for Mr. Coppola.
Defendant controverted some of the medical expenses as to reasonableness and necessity, but there is no serious dispute that some of the medical expenses incurred for care and treatment of Mrs. Coppola were necessary and reasonable. The jury was properly instructed that these were elements of damages to which Mr. Coppola was entitled. It is manifest that in returning a verdict for Mr. Coppola in the amount of "no dollars", the jury either misconceived the law or refused to follow the instructions of the trial court. The court was eminently correct in granting Mr. Coppola's motion for a new trial on all issues. McNash v. Oxenhandler, Fla.App. 1974, 288 So.2d 304.
Just as in the McNash case, supra, there are compelling reasons why the interests of justice would best be served by also granting a new trial to Mrs. Coppola. It is highly unlikely that the jury would have awarded her a verdict of $18,000 without including therein an allowance for some or all of the medical expenses. To allow the verdict for the wife to stand and at the same time permit the husband an opportunity to recover the medical expenses at a new trial, would unfairly subject the defendant to the likelihood of being assessed the medical expenses twice. Furthermore, as a practical matter, as we noted in the McNash case, supra, in order for the husband to put on his case for derivative damages it will be necessary that he put on the entire case concerning his wife's injuries and their effect upon him, and thus, substantially the entire case is going to be again tried anyway. We conclude, therefore, that in the interest of substantial justice a new trial should be granted Francis E. Coppola as to all issues.
The remaining points on appeal raise matters which we find unnecessary to decide in view of our disposition of the case.
The order on the plaintiffs' motion for new trial is affirmed in so far as it grants a new trial to plaintiff Raymond R. Coppola, and is reversed in so far as it denies a new trial to plaintiff Francis E. Coppola, *8 and this cause is remanded for further proceedings.
Affirmed in part; reversed in part and remanded.
WALDEN and DOWNEY, JJ., concur.