366 So.2d 51 (1978)
Beverly A. WEBBER and Edwin Webber, Her Husband, Appellants,
v.
Steven C. JORDAN and State Farm Mutual Automobile Insurance Company, Appellees.
No. 78-201.
District Court of Appeal of Florida, Second District.
December 6, 1978.
As Modified on Denial of Rehearing January 9, 1979 and January 10, 1979.
*52 Steven C. Ruth, of Piper, Esteva, Pennell, Karvonen & Lewis, St. Petersburg, for appellants.
William C. Kaleel, Jr. of Kaleel & Kaleel, St. Petersburg, for appellees.
GRIMES, Chief Judge.
This is an appeal from a final judgment in a negligence action.
The plaintiffs below were husband and wife. The wife was injured in an accident as she rode in an automobile driven by her husband. She brought suit for her injuries against the drivers of the two other automobiles involved and their insurance carriers. The husband was not hurt, but he joined in the suit to claim medical and other expenses related to his wife's injuries and the loss of her services, comfort, society and attention, commonly known as consortium. One of the drivers obtained a directed verdict which is not in dispute on this appeal. The plaintiffs' claims against Jordan, the remaining driver, were submitted to the jury on special verdicts.
Though concluding that the wife had not sustained a permanent injury, the jury found that she had incurred more than $1,000 of medical expenses as a result of the accident, thereby meeting the threshold requirements of Section 627.738(2), Florida Statutes (1975). The jury then found Jordan negligent and further found that his negligence was the legal cause of injuries to the wife. They awarded her damages of $6,500. The jury, however, found Jordan not guilty "of negligence which was a legal cause of loss, injury or damage" to the husband. Realizing the inconsistency in the verdicts against the husband and for the wife, the court submitted three written interrogatories to the jury. These questions and the jurors' answers were as follows:
1. Do you find that [defendant] was not guilty of any negligence? Yes or no.

2. Or did you find that [defendant] was guilty of negligence, but that [plaintiff husband] suffered no damages? Yes or no.

*53 3. Did you include the medical expenses in the award to [plaintiff wife]? Yes or no.
Thereupon, the court entered a final judgment for the wife in the amount of $6,500 but against the husband on his derivative claim.
The plaintiffs/appellants argue that if Jordan was liable to the wife, then he must be liable to the husband to some extent. Consequently, the plaintiffs suggest that the judgment with respect to both of them be set aside and that a new trial be granted on all claims. The defendants/appellees argue that since the medical expenses were included in the wife's claim, the jury could have properly concluded that the husband simply suffered no other damages as a result of the accident.
We might agree with the defendants were it not for the substantial, undisputed evidence presented in support of the husband's claim for loss of consortium. The record reflects that the wife suffered a severe whiplash injury of the cervical and dorsal spine, a possible injury to a lumbar disc, and a chip fracture of the callus of the bone in the right foot. She remained in a wheelchair for over two months after the accident, and the husband incurred $655 in maid service while the wife was disabled. Several doctors treated the wife, and she incurred medical expenses of $3,195.23. Admittedly the wife had suffered from back trouble before the accident, and, obviously the jury must have discounted some of the wife's complaints. Nevertheless, it cannot be said that the husband suffered no damages other than medical expenses as a result of the accident. Consequently, the husband is entitled to a new trial with respect to his other damages. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); Kinne v. Burgin, 311 So.2d 695 (Fla.3d DCA 1975); Fejer v. Whitehall Laboratories, Inc., 182 So.2d 438 (Fla.3d DCA 1966); Thieneman v. Cameron, 126 So.2d 170 (Fla.3d DCA 1961). See Griffis v. Hill, 230 So.2d 143 (Fla. 1970), which reaffirms the principle that an appellate court may set aside a verdict which as an end result is so grossly inadequate that it shocks the conscience of the court.
The plaintiffs rely upon Noll v. Byorick, 108 So.2d 67 (Fla.3d DCA 1959), for the proposition that the wife's judgment should also be set aside and the case retried in its entirety. In Noll an injured wife obtained a $15,000 verdict, but the jury did not award any damages to her husband on his derivative claim. The court pointed out that in light of uncontroverted evidence of substantial medical expenses and loss of consortium, the husband was entitled to a new trial on damages. The court went on to hold that because the amount of damages which could be awarded to the husband and wife were so closely aligned, an injustice would result if the husband were to present his claim alone to a subsequent jury. In Thieneman v. Cameron, supra, however, the same court explained that it had only been necessary in the Noll case to retry the entire issue of damages because it was impossible to determine whether certain expenses recoverable by the husband had been included in the wife's award. Hence, a retrial of the wife's claim for damages was required in order to prevent a possible double recovery of certain elements of damage. These facts are not present in the instant case because of the jury's response that medical expenses were specifically included within the wife's award. Moreover, unlike Noll, the defendants here do not seek a retrial of the wife's claims. Essentially the same reasoning leads us to conclude that Coppola v. Ballard, 314 So.2d 6 (Fla.4th DCA 1975), and McNash v. Oxenhandler, 288 So.2d 304 (Fla.4th DCA 1974), are not on point.
We find the plaintiffs' technical argument that the medical expenses should have been included in the husband's verdict rather than in the wife's verdict unconvincing. Even though the jury was instructed that the medical expenses were part of the husband's claim, a composite exhibit of medical bills introduced into evidence was entitled "Medical Expenses of Beverly Webber" and the separate bills had her name on them. Furthermore, the plaintiffs have not suggested any prejudice resulting from the *54 fact that the medical expenses were included in the wife's judgment rather than in the husband's judgment. In spite of technical imperfections, if a jury's intent can be divined from the face of the verdict, then we believe the verdict should be upheld.
Correll v. Elkins, 195 So.2d 27 (Fla.1st DCA 1967), is distinguishable because in that case there was no way to know whether the wife's medical expenses had been included as part of the wife's verdict. Hatchell v. Hayes, 157 So.2d 855 (Fla.1st DCA 1963), would be more nearly on point for the plaintiffs except for the fact that this decision was quashed on other grounds by the supreme court in Hayes v. Hatchell, 166 So.2d 146 (Fla. 1964). While it never became necessary for the supreme court to pass on the point for which Hatchell is cited here, whatever remains of the district court's opinion can hardly be viewed as compelling precedent.
Accordingly, the judgment against the husband is reversed and the case remanded for a new trial on all damages claimed by him as a result of the accident, excepting the medical expenses of $3,195.23. Because the jury never reached the question of whether the husband was guilty of any negligence which was a legal cause of the accident, the case will have to be retried on this issue. The new jury should be instructed that Jordan was guilty of negligence which was a legal cause of damages of the husband. If the jury concludes that the husband was also negligent, then they must determine the applicable percentages of negligence to be applied against the total amount of the damages. The judgment for the wife is affirmed.
BOARDMAN and SCHEB, JJ., concur.