376 So.2d 433 (1979)
Leander J. SHAW, Jr. and Dolores P. Shaw, His Wife, Appellants,
v.
Oscar PETERSON, III, Algerie Louise Peterson, and Florida Insurance Guaranty Association, Inc., As Successor to Manchester Insurance and Indemnity Company, Now Insolvent, Appellees.
No. NN-67.
District Court of Appeal of Florida, First District.
October 26, 1979.
*434 Henry M. Searcy of Searcy, Smith, Facciolo & Kirby, P.A., Jacksonville, for appellants.
Emory P. Cain of Proctor & Cain, Jacksonville, for appellees.
PER CURIAM.
By this appeal, appellants challenge the jury's verdict insofar as it awarded zero damages to Mrs. Shaw on her claim for loss of consortium. They also contend that the trial court committed reversible error in refusing to allow them to introduce mortality tables into evidence.
This case arose from a 1974 automobile accident in which a car driven by Algerie Peterson collided with a car driven by appellant, Leander Shaw. Mrs. Peterson admitted liability, and the case went to trial solely on the issue of damages. The jury awarded Mr. Shaw $2,500 but gave Mrs. Shaw nothing for loss of consortium. The court entered final judgment on the verdict, and this timely appeal followed.
We reject appellants' arguments concerning the mortality tables for three reasons. First, appellants have not properly preserved the point for appeal. While the record reflects that the court denied appellants' request for an instruction advising the jury of the weight to be given mortality tables [Fla.Std.Jury Instr. (Civ.) 6.9], the record does not indicate that appellants ever sought to introduce any mortality tables into evidence.
Our second reason for rejecting appellants' argument is that there was an insufficient showing that Mr. Shaw suffered permanent injuries as a result of the accident. Finally, even if there was evidence of permanency, the failure to permit the introduction of mortality tables was, in this case, harmless error. The court properly instructed the jury on the elements of future damages which Mr. Shaw could recover, and Mr. Shaw's counsel didn't even refer to future damages in his closing argument. See Sundermeier v. Frauman, 214 So.2d 780 (Fla. 4th DCA 1968).
We agree with appellants, however, that the jury's verdict of zero damages for Mrs. Shaw cannot stand. Since the record contains undisputed evidence of her loss of consortium as a result of Mr. Shaw's injuries, she was entitled to receive at least *435 nominal damages. Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978).
Accordingly, we reverse that part of the jury verdict which deals with Mrs. Shaw's claim and remand the case for a new trial on that issue. Otherwise, we affirm.
GRIMES, Acting Chief Associate Judge, and SCHEB and DANAHY, Associate Judges, concur.