388 So.2d 1379 (1980)
Gail Bott HAGENS, Appellant,
v.
Gary Thomas HILSTON and Pamela Jean Hilston, His Wife, Thomas Kendall and Allstate Insurance Company, Appellees.
No. 79-602.
District Court of Appeal of Florida, Second District.
October 22, 1980.
*1380 James C. Hadaway and Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellant.
James O. Davis and William F. Blews, St. Petersburg, for appellees Gary and Pamela Jean Hilston.
C. Wade Yeakle, III, and David J. Abbey, St. Petersburg, for appellees Thomas Kendall and Allstate Ins. Co.
DANAHY, Judge.
This appeal arises out of a negligence action in which the appellees, a husband and wife, were awarded damages for injuries the husband suffered in an automobile accident. The husband sued appellant for damages based on medical expenses and pain and suffering sustained as a result of his injuries. His wife joined in the action with a derivative claim only for loss of consortium. The jury returned a verdict of $15,000 for the husband but returned a verdict of zero damages for the wife. In this appeal appellant challenges the trial court's post-trial order which: (1) granted the husband a new trial on the issue of damages, and (2) awarded the wife a new trial on her claim for loss of consortium. We reverse both aspects of the order.
We first address the order as it pertains to the husband. The trial court granted a new trial for the husband on the issue of damages notwithstanding its finding that his motion for a new trial, standing alone, was without merit. The decision to grant him a new trial was based on the court's belief that the husband's award was inconsistent with his wife's zero verdict where the two claims were so closely intertwined and aligned that it was impossible to determine which elements were accepted and which were rejected.
In an action for injuries to one spouse joined with a derivative action for loss of consortium, certain elements of the aggregate damages to the parties could be awarded by the jury to either claimant. Therefore, it is frequently impossible to ascertain from a jury verdict which elements of damage were included in each party's award. If a new trial is awarded to one party, in such an action, a risk of awarding double damages is created because it is impossible to assure that elements of damage included in the other's verdict are not reawarded in the second trial. To avoid the risk of assessing double damages, where a new trial is required for either party, a new trial must be ordered for both parties. Coppola v. Ballard, 314 So.2d 6 (Fla. 4th DCA 1975); McNash v. Oxenhandler, 288 So.2d 304 (Fla. 4th DCA 1974).
Where the evidence presented by one spouse and relied upon by the jury as the basis for its award of damages clearly differs from the evidence presented by the other spouse on a claim for loss of consortium, a subsequent new trial for the former spouse will not involve evidence upon which the award to the latter spouse in the first trial was based. Therefore, there is no danger that the latter spouse's damages will be included in the potential recovery by the former spouse in a new trial on the issue of damages. Accordingly, in such a case, there is no risk that a particular element of damage is susceptible of being awarded twice and a new trial for both spouses is not required. Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1979); Thieneman v. Cameron, 126 So.2d 170 (Fla. 3d DCA 1961).
In the case before us, the husband's evidence consisted of medical testimony concerning the nature of his injury, the expenses he incurred in receiving treatment, his discomfort and present physical condition. His wife, on the other hand, testified that the husband's injuries prevented them from engaging in the recreational activities they had formerly enjoyed together and that the marital relationship *1381 was disturbed to a significant degree because of his injuries. The evidence presented by the spouses clearly differed in nature. Accordingly, because it is clear the husband's award did not include damages claimed by the wife, we find that portion of the trial court's order granting him a new trial on the issue of damages was in error.
Next we address that part of the order which granted the wife a new trial. We do not agree that the facts of the case warrant a new trial for her. The order granting the wife's motion for a new trial stated:
[T]he court feels that it is compelled to grant [the wife] a new trial on damages solely on the basis that the case law appears to require a new trial for a spouse who is awarded zero damage for loss of consortium where the injured spouse is awarded a verdict and there is some evidence of loss of consortium.
The test, however, for granting the spouse awarded zero damages a new trial is whether the record contained substantial, undisputed evidence of loss of consortium. Where substantial, undisputed evidence of loss of consortium exists, a zero verdict is inconsistent with an award for the injured spouse. Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980); Webber v. Jordan, supra; Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979); Kinne v. Burgin, 311 So.2d 695 (Fla. 3d DCA 1975).
In the case at bar, while there is some evidence of the wife's loss of consortium, the evidence is insubstantial and rebutted. At trial the wife testified that after the accident the parties' marital relationship deteriorated. She admitted while testifying that the difficulties in their marriage were due in part to her "childish attitude" and behavior. In addition, Dr. Merin, a psychologist who had counseled both the husband and the wife, stated that in his discussions with the couple concerning their conflicts, he had noted immaturity on the part of both and that their immaturity was in part responsible for their marital problems.
While the appellees did not offer any independent evidence rebutting the testimony of the wife and Dr. Merin concerning loss of consortium, the effective cross-examination of these witnesses and the wife's own admissions raised doubt as to the validity of her claim. The jury could well have concluded that the parties' marital difficulties and the wife's inability to engage in recreational activities with her husband were due to the attitude of the parties and not due to the accident-associated problems of the husband. Therefore, because the record does not contain substantial, unrebutted evidence of the wife's loss of consortium, the trial court was without authority to overturn the finding of the jury with respect to her claim.
Accordingly, the order granting the motion for new trial is reversed and the case is remanded with directions that the jury verdicts as to both appellees be reinstated and that judgment be entered thereon.
SCHEB, C.J., and GRIMES, J., concur.