395 So.2d 1206 (1981)
Verna STEVENS, Appellant,
v.
MOUNT VERNON FIRE INSURANCE COMPANY and Sayed George Deeb, d/b/a Swifty Enterprises, Limited, Appellees.
No. 80-2074.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
*1207 Keyfetz & Poses and Jay Halpern, Miami, for appellant.
Dolan, Fertig & Curtis and David William Boone, Fort Lauderdale, for appellees.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Verna Stevens, age 65, fell and broke her wrist in the defendant's laundromat. She incurred $600 in medical bills, neither the reasonableness nor necessity of which were challenged. She quite obviously suffered some pain, she complained of pain nearly a year after the accident, and her complaints were consistent with the physical findings of a medical witness, who stated that Verna would suffer increasing pain in the future. Additionally, the medical witness testified that Verna suffered a ten per cent permanent disability as a result of her wrist injury.
A jury found the defendant one hundred per cent at fault and, although instructed, inter alia, to consider pain and suffering and permanent disability as elements of damages, returned a verdict for Verna in the exact amount of her medical bills, that is, $600. Verna's motion for a new trial on the ground that the damage award was inadequate was denied, and she appealed.
We reverse and remand upon a holding that where, as here, a jury awards the plaintiff the exact amount of medical expenses incurred by her, despite indisputable evidence that the plaintiff suffered at least some pain from her injury, and uncontroverted evidence that the pain continued and would continue well after the injury, the damage award is grossly inadequate, and a new trial on the issue of damages is required. Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968). See also Short v. Grossman, 245 So.2d 217 (Fla. 1971); Griffis v. Hill, 230 So.2d 143 (Fla. 1970); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980).
Reversed and remanded for a new trial on damages only.