PER CURIAM.
This is a personal injury suit arising from a collision between a vehicle operated by Mrs. Kim Ward and a county-owned school bus. The jury returned a verdict of $2,500 for Mrs. Ward and nothing for Mr. Ward on his loss of consortium claim.
Appellants (Mr. and Mrs. Ward) argue that the trial court erred in allowing into evidence the fact that Mrs. Ward’s medical bills had been paid by her insurance company, that the court improperly instructed the jury to deduct from its award the amount of those insurance payments, and that the court improperly declined a jury instruction that evidence of collateral source payments should be excluded from jury consideration. See Florida Standard Jury Instructions (Civil) 61.3 (1980 ed.) They also argue that the damages awarded were inadequate as a matter of law.
Appellants contend that the trial court incorrectly failed to give effect to section 627.734(3), Florida Statutes (1979), when it allowed the foregoing evidence, gave the foregoing jury instruction regarding collateral source payments as provided in section 627.7372, Florida Statutes (1979), and declined the foregoing standard jury instruction. Section 627.734(3) provides:
Sections 627.730-627.741 do not apply to any motor vehicle owned by the state, a political subdivision of the state, or the Federal Government.
We agree with appellants’ argument and thus reverse. Section 627.734 provides that sections 627.730-627.741, i.e., the entire Florida Automobile Reparations Reform Act, does not apply to a motor vehicle of the type involved here. The collateral source indemnity statute (section 627.7372) was within that act. If the legislature had intended for section 627.7372 to apply in a case like the one before us, the legislature could, and presumably would, have excepted section 627.7372 from the specific language of section 627.734(3).
As this court said in Russ v. Iswarin, 429 So.2d 1237, 1240 n. 2 (Fla. 2d DCA 1983), “[T]he provisions of the Florida Automobile Reparations Reform Act are not applicable to municipally owned vehicles.” The cases cited by appellee, State Farm Mutual Automobile Insurance Co. v. Chapman, 415 So.2d 47 (Fla. 5th DCA 1982), and Lewis v. Allstate Insurance Co., 425 So.2d 100 (Fla. 1st DCA 1982), did not involve the issue before us.
Appellants cite Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980), and Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA), cert. denied, 374 So.2d 102 (Fla.1979), in support of their argument that the monetary damages awarded were inade *399 quate. On his loss of consortium claim, Mr. Ward was awarded zero dollars. The substantive evidence showed at least some loss of consortium. We recognize appel-lee’s argument that Mr. Ward on cross-examination gave certain self-effacing testimony which could have been the basis for the jury’s finding. However, upon the entire record we do not believe that testimony can be properly construed as constituting a forfeiture of his loss of consortium claim. On remand, the damages of both appellants, which are interrelated, should be retried. See McNash v. Oxenhandler, 288 So.2d 304 (Fla. 4th DCA 1974).
Since there was no issue on appeal as to liability, that issue need not be litigated on retrial.
REVERSED AND REMANDED FOR A NEW TRIAL ON DAMAGES.
HOBSON, A.C.J., and RYDER and LE-HAN, JJ., concur.