463 So.2d 1229 (1985)
Elena GONZALEZ and Francisco Gonzalez, Her Husband, Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Appellee.
No. 84-715.
District Court of Appeal of Florida, Fourth District.
February 13, 1985.
Rehearing Denied March 13, 1985.
Louise H. McMurray of Daniels & Hicks, P.A., Miami, and Friedman & Lipcon, P.A., Coral Gables, for appellants.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
DELL, Judge.
Appellants challenge the adequacy of a jury verdict in a personal injury action and seek reversal of an order denying their motion for new trial.
In 1980, Mrs. Gonzalez suffered injuries to her foot when an escalator suddenly stopped. The appellee manufactured, installed, maintained and serviced the escalator. Mrs. Gonzalez had previously injured her foot and required six months to recover and return to full time work, but she had no significant problems or complaints until the 1980 accident. After the injuries which she sustained in the 1980 accident, Mrs. Gonzalez had a triple arthrodesis performed on her foot. She testified that she has not been able to return to work because she cannot stand or walk for very long and that she has lost $9,320.86 in wages. Mrs. Gonzalez claimed the usual elements of damage arising out of a personal injury accident, including medical expenses in the amount of $16,473.47, pain and suffering, lost wages and diminution of earning capacity. The jury returned a verdict in the amount of $16,400 in favor of Mrs. Gonzalez and nothing for her husband's derivative claim.
Appellants contend that the amount of the jury's verdict shows that the jury awarded only the medical expenses and therefore the verdict is inadequate as a matter of law.
In both Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968) and Stevens v. Mount Vernon Fire Insurance Co., 395 So.2d 1206 *1230 (Fla. 3d DCA 1981), the jury awarded the exact amount of medical expenses, although the record contained uncontradicted evidence of pain, and in Stevens, evidence of permanent disability. In both cases, the court held the award grossly inadequate.
[W]here ... a jury awards the plaintiff the exact amount of medical expenses incurred by her, despite indisputable evidence that the plaintiff suffered at least some pain from her injury, and uncontroverted evidence that the pain continued and would continue well after the injury, the damage award is grossly inadequate, and a new trial on the issue of damages is required.
Stevens, 395 So.2d at 1207.
In Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971), the jury, after asking the court whether it could award only medical expenses, awarded an amount approximately the same as the medical bills. The record contained uncontradicted evidence that the plaintiff also suffered permanent disability, lost wages and pain and suffering. This court held the award grossly inadequate and legally inconsistent with the proof. More recently in Skelly v. Hartford Casualty Insurance Co., 445 So.2d 415 (Fla. 4th DCA 1984), this court reversed and remanded for an additur or a new trial because the jury returned a verdict in the exact amount of the plaintiff's medical bills, notwithstanding clear evidence of pain and suffering and permanent disability.
Here the jury's award coincides with appellant's medical expenses, except for a difference of only $73.47. The record clearly demonstrates that appellant sustained an aggravation of a pre-existing condition which caused her pain and suffering and resulted in a loss of wages. It is apparent from the face of the verdict the jury failed to award any sum for these elements of damage. Therefore we hold that the jury's verdict is inadequate as a matter of law. The jury also failed to compensate Mr. Gonzalez for his derivative claim. Where the jury finds the defendant negligent and returns a verdict in favor of the main plaintiff, a zero verdict on the derivative claim is inconsistent with the main verdict and is grossly inadequate. See Worley v. Kirkland, 360 So.2d 447 (Fla. 1st DCA 1978); Kinne v. Burgin, 311 So.2d 695 (Fla. 3d DCA 1975).
Accordingly, we reverse and remand this cause for a new trial on the issue of damages only.
REVERSED and REMANDED.
HERSEY and WALDEN, JJ., concur.