504 So.2d 49 (1987)
David TIECHE and Cynthia Tieche, His Wife, Appellants,
v.
Frank P. PANLENER and State Farm Mutual Automobile Insurance Company, Appellees.
No. 86-592.
District Court of Appeal of Florida, Second District.
March 18, 1987.
Lee S. Damsker, of Maney, Damsker & Arledge, and Dennis G. Diecidue, Tampa, for appellants.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for appellees.
PER CURIAM.
The appellants, David and Cynthia Tieche, appeal from a final judgment entered following a jury verdict in which David was found to have been 80% negligent in the accident giving rise to his action and denying damages to Cynthia for her claimed loss of consortium.
The facts underlying both claims are as follows. In October of 1979 while riding his motorcycle, David attempted to avoid hitting Mr. Panlener's car broadside. He laid his motorcycle down, struck the rear of Panlener's car and hit the pavement with the left side of his body. He returned home in a taxi cab but later that night went to a hospital for treatment. Sometime following *50 the accident David began feeling numbness and tingling in his left leg and arm. In March of 1981 he was diagnosed as suffering from peripheral polyneuropathy, a disease manifested by weakness and numbness.
In October of 1982 David and Cynthia filed an action which was tried to a jury in January of 1986. In a special verdict the jury awarded $100,000.00 in damages to David. The jury found, however, that he was 80% negligent and the court reduced the judgment by that factor. The jury did not award Cynthia damages for her claimed loss of consortium. The trial court denied the Tieches' subsequent motions for a new trial or alternatively for judgment notwithstanding the verdict. We affirm.
The Tieches claim that the trial court abused its discretion by not granting a new trial. They urge the view that competent, substantial evidence exists to support Cynthia's asserted loss of consortium and that the zero verdict is inconsistent with the award to David. Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979). Acknowledging the existence of authority in support of this proposition, we do not find a basis for reversal. We stated in Albritton v. State Farm Automobile Ins. Co., 382 So.2d 1267 (Fla. 2d DCA 1980), that "[a]lthough it is the rule that the wife's derivative claim is barred where the husband's cause of action has been terminated by an adverse judgment on the merits, the converse is not necessarily the case." Id. at 1268. Thus, to prosecute a claim for loss of consortium successfully, the spouse must present competent substantial evidence demonstrating such loss. Id.
We concede the presence in the record of evidence indicating that Cynthia experienced a degree of degradation in the marital relationship following the October 1979 event. At trial, Cynthia testified that she now has to perform such household chores as mowing the lawn and taking out the garbage. She also testified that their intimate relationship lacked spontaneity, that she got "a little short-tempered" and that at certain times she wanted to tell David to "go fly a kite." From our consideration of the record in its entirety, however, we cannot say the trial court erred in the exercise of its discretion in concluding that Cynthia's loss of consortium was not supported by competent substantial evidence. Thus, consistent with Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980), we are not compelled, in the face of the award to David, to condemn the jury's verdict on the ground of inconsistency and override the trial court's denial of the motion for new trial.
Here, as was observed in Hagens, the jury could have concluded that the changes which occurred in the marital relationship were due to causes other than those originating in the accident. Indeed, the record persuasively discloses a link between David's complaints and the disease of peripheral polyneuropathy. Based upon such evidence the jury could have concluded that deterioration in the parties' life-style was not due to the accident and therefore Cynthia's loss of consortium was not compensable.
We find no error in the trial court's denial of a new trial on the issue of liability.
Accordingly, we affirm the trial court's denial of the Tieches' post-trial motions.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.