PER CURIAM.
We reverse and remand this case for a new trial as to the issues of liability and damages. In this automobile accident case, the jury found coappellee/codefendant/Sue Stone (“Stone”) to be 60% negligent and the appellant/plaintiff/Frank Tomsey (“Tomsey”) to be 40% comparatively negligent and awarded Tomsey $36,000.00 in damages. Tomsey asserts that both the percentages of fault assigned by the jury to Tomsey and Stone and the jury’s award of damages was against the manifest weight of the evidence.
As to the liability issue, the record appears devoid of any evidence that Tom-sey was negligent in the instant case except that Tomsey saw Stone’s car and tried his best to avoid the accident when Stone turned into Tomsey’s lane from an unopened portion of the road. Additionally, the evidence indicated that Tomsey had suffered a 50% permanent bodily injury, of which 30% was caused by the accident. Thus, it appears that the jury apportioned the percentages of the party’s fault based on the percentage of Tomsey’s bodily injury that was attributed to the accident. Therefore, because the jury’s assignment of the percentages of negligence to Tomsey and Stone was against the manifest weight of the evidence, we reverse and remand for a new trial on the issue of liability.
As for damages, Tomsey’s medical bills totaled $36,569.13. The jury awarded Tomsey $36,000.00 in damages. Tomsey produced evidence that he suffered a permanent injury from the accident. Additionally, Stone did not seriously dispute Tom-sey’s medical bills. Thus, we presume that the jury awarded Tomsey only for his medical bills. See Gonzalez v. Westinghouse Elec. Corp., 463 So.2d 1229 (Fla. 4th DCA 1985). Therefore, because the jury did not consider all the elements of Tomsey’s damages, Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990), we reverse and remand for a new trial on the issue of damages.
Accordingly, we reverse and remand for a new trial as to the issues of liability and damages.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.