ALLEN, Judge.
The appellant challenges an order granting a new trial on the issue of damages in the appellees’ negligence action. In the order the court noted the jury’s failure to award loss of consortium damages. The court also suggested that the jury misunderstood or disregarded the instructions when awarding future medical damages. Because we find the future medical award *335 to be consistent with the final jury instruction, we reverse the challenged order and remand for reconsideration.
The parties were involved in a motor vehicle collision in which the appellees were injured. The appellees filed a negligence action against the appellant and the case proceeded to trial. Evidence was presented as to the appellees’ marital relationship both before and after the accident. Evidence was also presented as to the appel-lees’ medical problems before and after the accident.
When the presentation of evidence was concluded, the court discussed the jury instructions and verdict form with counsel. The verdict form contained a special interrogatory as to future medical expenses, and the court advised counsel that because of a lack of specific evidence it would deduct any future medical award from the total verdict. During closing argument the appellees’ counsel suggested that the jury should award nothing for future medical.
After retiring for deliberation the jury inquired whether it could make a total award for each appellee. The court advised the jury that any award should be in accordance with the verdict form. The jury then inquired whether it was bound by the zero sum which the appellees’ counsel had suggested for future medical. Counsel for both parties requested that the court inform the jury that the zero sum should be accepted, and the court complied with this request. The jury then inquired whether it should consider future medical expenses for one of the appellees. After discussing the matter with counsel and indicating that it would deduct any future medical award from the verdict, the court instructed the jury that it was no longer bound by the zero sum suggestion, and it could consider future medical expenses.
The jury returned a verdict awarding each appellee damages for future medical expenses, as well as for pain and suffering. No award was made for loss of consortium. The appellees moved for a new trial, asserting that the jury was confused and that the verdict was contrary to the law and the evidence. The court granted a new trial on the issue of damages, finding a significant likelihood of jury confusion.
The court suggested that the jury either misunderstood or disregarded the instructions regarding future medical expenses. The court recited the jury’s inquiries as to this matter, and indicated that the jury was finally told not to consider future medical expenses. However, this does not accord with the transcript of the supplemental instructions given in response to the jury’s inquiries, and by which the jury was ultimately informed that it could consider future medical expenses. The award of such damages is consistent with the final instruction, and does not reflect any misunderstanding or disregard by the jury. It thus does not appear that the jury was confused as to this matter, and the court should not have granted a new trial on this basis.
The court also indicated that damages should have been awarded for loss of consortium. Cases such as Frye v. Suttles, 568 So.2d 983 (Fla. 1st DCA 1990), establish that at least nominal damages should be awarded when there is unrebutted evidence of a substantial, adverse impact on the marital relationship. See also, e.g., Waldron v. Dorsey, 585 So.2d 403 (Fla. 1st DCA 1991); Fleming v. Albertson’s, Inc., 535 So.2d 682 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla.1989). Such damages are not necessarily required if the marital deterioration may be attributable to other causes. See Tieche v. Panlener, 504 So.2d 49 (Fla. 2d DCA 1987; Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980).
Because it is unclear whether the court would have granted a new trial as to any of the damages solely upon the absence of a loss of consortium award, the court may reconsider this question on remand. The order granting a new trial is reversed, and the cause remanded.
BOOTH and MINER, JJ., concur.